IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIKAYLA HOFFMAN, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No. 24-cv-1380 |
| | ) | |
| v. | ) | |
| | ) | |
| CORPORATE AIR, LLC and MARK SCHREINER (an individual), | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## **AMENDED COMPLAINT**

Plaintiff, Mikayla Hoffman, by and through her counsel, Christopher Gabriel and Gabriel Fera, P.C., brings the following amended complaint alleging sex discrimination, sexual harassment, retaliation, and defamation, and in support thereof, alleges as follows:

## **Parties**

1. Plaintiff, Mikayla Hoffman, a female, is an individual who currently resides at 5430 Orchard St., Maple Heights, OH 44137. At all times relevant to this lawsuit, Ms. Hoffman resided at 1840 Locust Street, Pittsburgh, PA 15219.

2. Defendant, Corporate Air, LLC, is a Pennsylvania corporation with its office located at 15 Allegheny County Airport, West Mifflin, PA 15122.

3. Defendant, Mark Schreiner, is an individual and owner of Corporate Air, LLC, with his principal office at 15 Allegheny County Airport, West Mifflin, PA 15122.

**Jurisdiction and Venue**

4. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000d et seq., and under the Equal Pay Act of 1963, 29 U.S.C. 206(d).

5. Jurisdiction over this action is conferred upon this court by 29 U.S.C. 626(c) and 20 U.S.C. 1331 due to the federal questions in Counts I, II, III, and IV and this Court may exercise supplemental jurisdiction over the state law claims in Counts V, VI, and VII pursuant to 28 U.S.C. 1367(b), because those claims arise from the same case and controversy as the federal claims.

6. Venue is proper under 28 U.S.C. 1391(b) in the Western District of Pennsylvania because all transactions and occurrences relevant to this case occurred within the Western District.

7. Plaintiff filed these claims with the Pennsylvania Human Relations Commission, with a request for cross filing with the EEOC and the PHRC confirmed the cross filing on August 5 and August 6, 2024 (PHRC Case No. 202400221).

8. Defendant Schreiner had knowledge of the PHRC complaint because Plaintiff filed the PHRC case against Corporate Air. LLC and against Mark Schreiner as an individual and those Defendants (both) Answered the PHRC complaint with an answer verified personally by Defendant Schreiner.  **See Exhibit 1.**

9. The Equal Employment Opportunity Commission (Charge No. 533-2024-02593), issued a right to sue letter on August 5, 2024, which is attached hereto as **Exhibit 2.**

**Count I (Corporate Air, LLC)**

**Sex Discrimination under Title VII of the Civil Rights Act of 1964**

10. Plaintiff here incorporates paragraphs 1-9 above as if set forth herein at length.

11. Plaintiff, Mikayla Hoffman, worked for Defendant, Corporate Air, LLC, from December 11, 2023 through July 1, 2024.

12. Ms. Hoffman responded to an advertisement and applied for a Line Staff position with Corporate Air, LLC in late November or early December 2023.

13. Line Staff are responsible for positioning and refueling aircraft on the ramp at Fixed Base Operators (FBO's) like Corporate Air, LLC.

14. Defendant Mark Schreiner is the owner and chief officer of Corporate Air, LLC.

15. Mr. Schreiner contacted Ms. Hoffman in early December 2023 in response to her application and stated that he does not hire women as Line Staff and offered her a position as a Receptionist instead.

16. Receptionists at Corporate Air, LLC answer the phone and assist with customer relations and staff scheduling.

17. Ms. Hoffman accepted the Receptionist position and began working for Corporate Air, LLC, on December 11, 2023.

18. In the aviation industry, Line Staff is considered to be a more prestigious position than a receptionist because it is the entry-level job for many pilots.  One works as Line Staff at an FBO before and during flight school and it is an accepted and common way of meeting pilots and other airport personnel early in one's career. Line staff have more opportunities for employment benefits and career development, including promotions and therefore higher pay, networking, training and access to pilots than receptionists.  In other words, Defendants closed the door to the highest paying jobs in the aviation industry based on sex.

19. Ms. Hoffman applied for the Line Staff position because she wanted this experience to further her career in the aviation industry and, while aviation remains a male-dominated industry, Plaintiff had made a point of cutting her own path, completing much of the training as an Airframe and Powerplant (A&P) Mechanic, prior to applying for the Line Staff job.

20. Ms. Hoffman took the lesser position offered by Defendant Schreiner because it would, nevertheless, keep her in the industry and have her around planes and other people in her chosen field.

21. The separation of employee opportunities and pay by sex was not the end of it. Female employees, including Plaintiff, were also subjected to sex discrimination and harassment. From the beginning of her employment, Ms. Hoffman was subjected to unwelcome sexual behavior from Defendant Mark Schreiner and also from the Director of Maintenance, Michael Lohr.

22. This unwelcome sexual behavior pervaded her employment at Corporate Air, LLC, becoming a regular part of Plaintiff's work experience. Examples of this conduct included but are not limited to the following:

    a. Defendant Mark Schreiner not only refused to hire women into the Line Staff position, but he also became angry when Ms. Hoffman would assist the Line Staff in any way. Several times when Line Staff was shorthanded, Ms. Hoffman assisted them, only to be reprimanded by Mr. Schreiner for doing so because, as he stated expressly, he did not want to see women on the ramp doing that work.

    b. Defendant Mark Schreiner often made comments about the sexual qualities of female employees, especially their breasts, and he made clear that he favored certain employees over others because of these qualities.

    c. Defendant Mark Schreiner on more than one occasion, engaged Ms. Hoffman in a conversation about her appearance, her body and her sexual qualities, and he specifically linked this to her job and position at the Company.

  d. Defendant Mark Schreiner engaged in a sexual relationship with a particular female employee, who was at all times relevant to this Complaint employed as a Flight Attendant, and she received more favorable treatment in terms of scheduling and work assignments than Plaintiff because of this relationship. This included a more favorable schedule, a superior, quasi-supervisory position as to other employees and the ability to travel with and have time off for travel with Defendant Schriener.  For example Defendant Schreiner told Ms. Hoffman that this particular female employee was "her real boss" and he made Ms. Hoffman report to her on employment matters.

  e. Defendant Mark Schreiner was very vocal about this sexual relationship, and on several occasions made Plaintiff and other female employees listen to explicit descriptions of that relationship.

  f. Defendant Mark Schreiner required Plaintiff to call this particular female employee on the telephone prior to one trip and, with another female employee listening in the conference room, required Plaintiff to ask whether this particular female employee had packed specific sex toys that Defendant Schreiner wanted to have on the trip to use with the particular female employee.  Defendant Schreiner sat in the conference room and listened and specifically directed what Ms. Hoffman was to say on the telephone call.

  g. On more than one occasion Defendant Schreiner directed Ms. Hoffman to engage in a sexual relationship with the Director of Maintenance, Michael Lohr, and Defendant Schreiner made clear that Ms. Hoffman would receive more favorable treatment in her employment in terms of promotions and salary increases if she acquiesced, again linking her pay directly to sex.

  h. Mr. Lohr, encouraged by Defendant Schreiner, came to Ms. Hoffman's work location on numerous occasions and engaged in sexually intimidating behavior and conversation, including directing her to break up with her boyfriend to have a relationship with him and asking her "if there were any daddy issues" he could help her with.

  i. Defendant Schreiner also grabbed Ms. Hoffman in the parking lot and kissed her, which was not welcome and which made Ms. Hoffman fear being alone with Defendant Schreiner.

  j. Defendant Schreiner also had Ms. Hoffman bring him alcohol in his office, where he also grabbed and kissed her. This was not welcome and it made Ms. Hoffman fear being alone with Defendant Schreiner.

  k. Defendant Schreiner also stated that he would change her job description and give her more favorable treatment at work if she acquiesced to the numerous sexual advances she was experiencing, and he did in fact delay her promotion and raise when she did not comply, again linking her pay directly to sex.

  l. Mr. Schreiner continued to disallow Ms. Hoffman to work as Line Staff, and throughout her employment pressured her to become the bookkeeper for the company, which he deemed another appropriate job for female employees, even though she explained that she had no background in accounting or bookkeeping.

  m. Defendant Schreiner, on behalf of Corporate Air, LLC, fired Ms. Hoffman because she declined the bookkeeping position and because she refused the sexual advances detailed above.

23. The Human Resources Director for Corporate Air, LLC, was Wendy Byers and she was aware of the foregoing conduct, but could not do anything because Defendant Schreiner is the

company owner and her direct boss, and also because Defendant Schreiner routinely belittled Ms. Byers in front of other employees.

24. In consequence of the Defendants' actions, Plaintiff has suffered mental and emotional distress and injury, loss of employment, reputational injury in the small aviation community that is her chosen career, and other damages that will be proved at trial including but not limited to expenses and inconvenience associated with moving her domicile to a new city to find another job in the aviation industry.

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant Corporate Air, LLC, and award:

   a. Monetary damages, including but not limited to front pay, back pay, and other compensatory damages to compensate Plaintiff for the injuries described herein;
   b. Attorney's fees and costs associated with this case;
   c. Punitive Damages;
   d. Such other relief as the Court deems appropriate.

## Count II (Corporate Air, LLC)
## Sexual Harassment under Title VII of the Civil Rights Act of 1964

25. Plaintiff Hoffman hereby incorporates paragraphs 1-24 of this Complaint as if set forth herein at length.

26. In consequence of the Defendants' actions, Plaintiff has suffered mental and emotional distress and injury, loss of employment, reputational injury in the small aviation community that is her chosen career, and other damages that will be proved at trial including but not limited to expenses and inconvenience associated with moving her domicile to a new city to find another job in the aviation industry.

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant Corporate Air, LLC, and award:

   a. Monetary damages, including but not limited to front pay, back pay, and other compensatory damages to compensate Plaintiff for the injuries described herein;
   b. Attorney's fees and costs associated with this case;
   c. Punitive Damages;
   d. Such other relief as the Court deems appropriate

### Count III (Corporate Air, LLC)
### Retaliation

27. Plaintiff Hoffman hereby incorporates paragraphs 1-26 of this Complaint as if set forth herein at length.

28. Defendants fired Plaintiff on July 1, 2024 because she refused to take the bookkeeper position and because she had declined the sexual advances of Defendant Schreiner and to engage in a sexual relationship with Director of Maintenance Lohr and because she had discussed these things with the Director of Human Resources.

29. Defendant Schreiner threatened publicly to "sue" Ms. Hoffman in court and did in fact institute a baseless lawsuit against her on behalf of Defendant Corporate Air, LLC, in the Court of Common Pleas of Allegheny County at GD-24-007225.

30. In consequence of the Defendants' actions, Plaintiff has suffered mental and emotional distress and injury, loss of employment, reputational injury in the small aviation community that is her chosen career, unnecessary legal fees in responding to the civil action in Allegheny County, and other damages that will be proved at trial including but not limited to expenses and inconvenience associated with moving her domicile to a new city to find another job in the aviation industry.

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant Corporate Air, LLC., and award:

a. Monetary damages, including but not limited to front pay, back pay, and other compensatory damages to compensate Plaintiff for the injuries described herein;
b. Attorney's fees and costs associated with this case;
c. Punitive Damages;
d. Such other relief as the Court deems appropriate.

## **COUNT IV (All Defendants)**
## **Discrimination under the Equal Pay Act of 1963**

31. Plaintiff hereby incorporates paragraphs 1-30 as if fully set forth herein at length.

32. Defendants Corporate Air LLC., and Mark Schreiner refused to hire female employees as Line Staff and instead insisted that they take positions as either Flight Attendants or Receptionists.

33. These three positions were the entry level positions at Corporate Air, LLC., and required the same level of skill, effort, and responsibility under similar working conditions. In terms of qualifications and basic working conditions, the positions were identical.

34. The Line Staff position is a more prestigious position than Receptionist, with greater opportunity for career advancement including promotions and higher pay, and greater access to pilots and other people working in aviation specific careers, which directly results in lesser compensation over time for those forced into lesser, "female only" positions. This bifurcated system specifically closed the door to the most highly-compensated part of the aviation industry (i.e. flying as a pilot and advancing through the corporate structure, sometimes even to company ownership), expressly because of sex. Line staff, being male, also did not have to deal with sexually inappropriate behavior as a condition of employment and to earn their entry-level pay.

35. Plaintiff's opportunity for promotion was delayed by Defendant Schreiner on behalf of Corporate Air, LLC, expressly because Plaintiff declined his sexual advances and the sexual relationship he wanted her to have with the director of maintenance. She was therefore promoted less quickly and paid less than males in entry level positions because of sex.

36. Plaintiff was therefore subject to discrimination because of her sex, in violation of the Equal Pay Act.

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants Corporate Air and Mark Schreiner, and award:

 a. Monetary damages, including but not limited to front pay, back pay, and other compensatory damages to compensate Plaintiff for the injuries described herein;
 b. Attorney's fees and costs associated with this case;
 c. Punitive Damages;
 d. Liquidated Damages;
 e. Such other relief as the Court deems appropriate.

## Count V (All Defendants)

## Discrimination and Retaliation Under the Pennsylvania Human Relations Act

37. Plaintiff Hoffman hereby incorporates paragraphs 1-36 of this Complaint as if set forth herein at length.

38. In consequence of the Defendants' actions, Plaintiff has suffered mental and emotional distress and injury, loss of employment, reputational injury in the small aviation community that is her chosen career, unnecessary legal fees in reposting to the civil action filed in Allegheny County, and other damages that will be proved at trial including but not limited to expenses and inconvenience associated with moving her domicile to a new city to find another job in the aviation industry.

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants Corporate Air and Mark Schreiner, and award:

a. Monetary damages, including but not limited to front pay, back pay, and other compensatory damages to compensate Plaintiff for the injuries described herein;
b. Attorney's fees and costs associated with this case;
c. Damages for emotional distress/ humiliation and embarrassment;
d. Such other relief as the Court deems appropriate.

## COUNT VI
## Defamation (All Defendants)

39. Plaintiff Hoffman hereby incorporates paragraphs 1-38 of this Complaint as if set forth herein at length.

40. After firing Plaintiff Hoffman by telephone on July 1, 2024, Defendant Mark Schreiner went into the lobby of Corporate Air, LLC, where numerous other employees were standing and defamed Plaintiff Hoffman by referring to her as a "terrorist," saying he was going to "sue" her, or words to this effect, and stating that she had engaged in conduct that was disreputable to a degree that he would have to call the police if she were ever seen on the property of Corporate Air, LLC, again.

41. These statements were intentional, knowingly false, intended to harm Plaintiff's reputation with her colleagues and with others in the aviation community, and were published/ stated openly with numerous witnesses.

42. Corporate Air, LLC, through its counsel, subsequently accused Plaintiff of intentional damage to its computer system and of committing a felony. This was intentionally and knowingly false, was intended to intimidate her and harm her reputation in the aviation community, and was communicated to others.

43. In consequence of the Defendants' actions, Plaintiff has suffered mental and emotional distress and injury, loss of employment, reputational injury in the small aviation community that is her chosen career, unnecessary legal fees in responding to the civil action filed in Allegheny County, and other damages that will be proved at trial including but not limited to expenses and inconvenience associated with moving her domicile to a new city to find another job in the aviation industry.

WHEREFORE, Plaintiff requests that the Court enter judgment against the Defendants and award:

a. Monetary damages, including but not limited to front pay, back pay, damages for emotional distress/ humiliation and embarrassment, and other compensatory damages to compensate Plaintiff for the injuries described herein;
b. Attorney's fees and costs associated with this case;
c. Punitive Damages;
d. Such other relief as the Court deems appropriate.

Date: December 23, 2024

Respectfully submitted,

GABRIEL FERA, P.C.

By: /s/*Christopher P. Gabriel*
Christopher P. Gabriel
PA ID No. 92975
GABRIEL FERA, P.C.
1010 Western Avenue, Suite 200
Pittsburgh, PA 15233
Phone: (412) 328-5853
Fax: (412) 774-0074
cgabriel@gabrielfera.com

*Counsel for Plaintiff Mikayla Hoffman*